IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: HOLLY L. FRY <br> **Debtor(s)** | Case No.: 20-12728 (MDC) |
| HOLLY L. FRY <br> **Movants** | Chapter 13 |
| v. | |
| AMERICREDIT FINANCIAL SERVICES, INC. dba GM FINANCIAL <br> **Respondent(s)** | |

**RESPONSE OF GM FINANCIAL TO DEBTORS' MOTION TO DETERMINE VALUE**

**AND NOW** comes the Respondent, AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), by and through its attorney, William E. Craig and the Law Office of Morton & Craig LLC., and presents the following:

1. Admitted.

2. Admitted.

3. Admitted in part and denied in part. Admitted as to the basis of the instant Motion; as to the remaining allegations in the corresponding paragraph, Respondent lacks sufficient knowledge to form a belief as to the truth of the allegations and therefore deny same. Strict proof thereof is demanded at trial.

4. Neither admitted nor denied; the documents speak for themselves.

5. Respondent denies that replacement value of the vehicle is $6,859.00. The trade-in value utilized by the Movant is irrelevant, as section 506(a)(2) of the Code provides that the replacement value shall be the price a retail merchant would charge for the vehicle. Therefore, the October NADA Official Used Car Guide clean retail value of $12,650.00 accurately reflects the starting point for determining replacement value pursuant to 11 U.S.C. 506(a)(2). (See attached October 2020 NADA Official Used Car Guide). By way of further answer, there is a non-bankrupt co-debtor (Thomas Farrell) who is on the contract and title to the vehicle. Since the Movant is not the sole owner of the vehicle, she would not be able to obtain title to the vehicle upon plan completion and discharge unless the loan is paid per contractual terms.

6.  Denied that 6.25% is an appropriate interest rate.  As set forth above, there is a non-bankrupt co-debtor on the title to the vehicle, so GM Financial would not be compelled to release title to the vehicle unless the loan is paid per contractual terms.

7.  Denied.  For the reasons set forth above, the "Till" rate does not apply to the facts at hand.

**WHEREFORE**, Respondent respectfully requests that this Honorable Court:

a)  Deny the Movant's motion in its entirety.

b)  Enter an Order determining the Debtor/Movant must pay the net loan balance of $28,043.45 with interest at the contract rate of 15.25% in order to receive title to vehicle upon discharge.  In the alternative, enter an Order determining the replacement value to be $12,650.00, and that GM Financial shall not be compelled to release title to the vehicle unless the loan is paid in full per contractual terms.

c)  Order such other relief as is just and proper.

/s/ William E. Craig
**By: William E. Craig**
Morton & Craig LLC
110 Marter Ave., Suite 301
Moorestown, NJ 08057
(856) 866-0100
Attorney I.D. 92329, Pennsylvania
Attorney for Creditor/Respondent

Date: 10/7/20